1
2
3
4                                                              *E-Filed 5/28/14*
5
6
7
8                          UNITED STATES DISTRICT COURT
9                          NORTHERN DISTRICT OF CALIFORNIA
10                         SAN FRANCISCO DIVISION
11
12   WILLIE WEAVER,                           No. C 14-0453 RS (PR)
13              Plaintiff,                     **ORDER DISMISSING COMPLAINT
                                               WITH LEAVE TO AMEND**
14        v.
15   CAPTAIN, et al.,
16              Defendants.
                                    _____/
17
18                                  **INTRODUCTION**
19        This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state
20   prisoner against his jailors at Pelican Bay State Prison.  After reviewing the complaint
21   pursuant to 28 U.S.C. § 1915A(a), the Court DISMISSES the complaint with leave to file an
22   amended complaint on or before July 7, 2014.
23                                  **DISCUSSION**
24   **A.    Standard of Review**
25        A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim
26   to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)
27   (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial
28

United States District Court
For the Northern District of California

1    plausibility when the plaintiff pleads factual content that allows the court to draw the

2    reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting

3    *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions

4    cast in the form of factual allegations if those conclusions cannot reasonably be drawn from

5    the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

6    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:    (1)

7    that a right secured by the Constitution or laws of the United States was violated, and    (2)

8    that the alleged violation was committed by a person acting under the color of state law. *See*

9    *West v. Atkins*, 487 U.S. 42, 48 (1988).

10   **B.    Legal Claims**

11            Plaintiff alleges in his complaint that an unnamed person woke him up at 2:30 a.m. on

12   January 17, 2014.  He also alleges that his jailors often wake him up, thereby depriving him

13   of sleep, in retaliation for his filing of lawsuits.  The complaint does not contain sufficient

14   factual matter to state a claim for relief.  First, he fails to name the person who woke him in

15   January.  Second, a single instance of waking a prisoner early in the morning does not

16   constitute an Eighth Amendment violation.  To state a claim under the Eighth Amendment

17   for deliberate indifference, a prisoner-plaintiff must allege specific facts indicating that a

18   prison official knows that a prisoner faces a substantial risk of serious harm and disregards

19   that risk by failing to take reasonable steps to abate it. *See Farmer v. Brennan*, 511 U. S.

20   825, 837 (1994).  Third, his allegations that he was woken at other times are undetailed.  He

21   fails to give the times and dates of such occurrences, which of his jailors allegedly committed

22   the act or acts, and how often such acts occurred.

23            Fourth, he fails to allege specific facts showing that such acts, if committed, are

24   retaliatory.  It is insufficient to state without elaboration that "this occurred because of that."

25   "Within the prison context, a viable claim of First Amendment retaliation entails five basic

26   elements:  (1) An assertion that a state actor took some adverse action against an inmate

27   (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the

28

United States District Court
For the Northern District of California

1  inmate's exercise of his First Amendment rights, and (5) the action did not reasonably

2  advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir.

3  2005).  Plaintiff has the burden of showing that retaliation for the exercise of protected

4  conduct was the "substantial" or "motivating" factor behind the defendant's actions. *Mt.*

5  *Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Hines v. Gomez*, 108

6  F.3d 265, 267–68 (9th Cir. 1997).  In order to create a genuine issue of material fact on

7  retaliatory motive in the First Amendment context, a plaintiff must establish "'in addition to

8  evidence that the defendant knew of the protected speech, at least (1) evidence of proximity

9  in time between the protected speech and the allegedly retaliatory decision; (2) evidence that

10  the defendant expressed opposition to the speech; or (3) evidence that the defendant's

11  proffered reason for the adverse action was pretextual.'" *Corales v. Bennett*, 567 F.3d 554,

12  568 (9th Cir. 2009) (internal citation and emphasis omitted).  Also, as to the fourth *Rhodes*

13  element, viz., whether the inmate was chilled from exercising his First Amendment rights, a

14  prisoner-plaintiff must at least allege that he suffered harm more than minimal.  *Id.*, 408 F.3d

15  at 567–68 n.11.

16      Retaliation is not established simply by showing adverse activity by defendant after

17  protected speech; rather, plaintiff must show a nexus between the two. *See Huskey v. City of*

18  *San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (summary judgment proper against plaintiff who

19  could only speculate that adverse employment decision was due to his negative comments

20  about his supervisor six or seven months earlier; retaliation claim cannot rest on the logical

21  fallacy of *post hoc*, *ergo propter hoc*, i.e., "after this, therefore because of this"). *See also*

22  *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 901 (9th Cir. 2008) (finding no retaliation

23  where plaintiff presented no evidence that defendants gave her a traffic citation after reading

24  a newspaper article about her First Amendment activities, rather than because she drove past

25  a police barricade with a "road closed" sign on it).

26      Accordingly, the complaint is DISMISSED with leave to amend.  Plaintiff shall file an

27  amended complaint on or before July 7, 2014.  The first amended complaint must include the

28

caption and civil case number used in this order (14-0453 RS (PR)) and the words FIRST AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from the prior complaint by reference.  Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED:  May 28, 2014

RICHARD SEEBORG
United States District Judge